(No. 6875. October 15, 1941)

A. H. SIMMONS and FRANCES M. SIMMONS, Appellants and Cross-respondents, v. LLOYD K. PERKINS and ALICE WINIFRED PERKINS, Respondents and Cross-appellants.

(118 Pac. (2d) 740)

Rehearing denied November 24, 1941.

J. M. Lampert, for Appellant and Cross-respondents.

Delana & Delana, for Respondents and Cross-appellants.

BUDGE, C.J.—This action involves an alleged easement through a portion of Block 7 of Arnold's Addition to Boise City which block is bound by Pueblo Street on the North, O'Farrell Street on the South, 11th Street on the West, 10 Street on the East. An alley runs in a Northerly and Southerly direction from Pueblo Street to O'Farrell Street, through the center of Block 7. The Northeast quarter of Block 7 is divided into three lots facing 10th Street. The southernmost of these three lots is the one on which appellants and cross-respondents (hereinafter referred to as 'appellants') reside. For convenience it will be called Lot 3. The easement which appellants seek to establish, runs along the South side of Lot 3, in an Easterly and Westerly direction, from the center of the alley before mentioned to 10th Street.

About 1893, George Bayhouse owned Block 7, and sold

the Northeast quarter of said Block to one Twogood who, in the course of the next five or six years, built three houses thereon, one of which is on Lot 3, and now owned by appellants. At this time, 1893, there was no alley through the Block. On February 15, 1906, George Bayhouse executed two instruments to Boise City. One, a deed to an alley, 13 feet 7 inches in width, running through the center of the Block from Pueblo Street to O'Farrell Street. The other, an easement for the laying of a sewer line, running through the center of the Block from 11th Street to 10th Street. This latter instrument contained the following provision, "with the express understanding that the alley in said Block shall run in a Northerly and Southerly direction * * * * That I shall not be required to move any house, or houses, or buildings situate on said block, by reason of said privilege thus given to the City until fully ready to do so of my own free will." The house occupied by the Bayhouses was located directly across the alley granted to the City. This house was not removed until 1939 when the entire alley was opened up from Pueblo Street to O'Farrell Street. Prior to this time, however, a part of the alley so granted was opened up from Pueblo Street and connected with the alleged alley to 10th Street.

Appellants became the owners of Lot 3 in 1919 and used the alley here in controversy, as did Bayhouses and others. In April, 1939, respondents and cross-appellants (hereinafter referred to as 'respondents') became the owners of the land over which the alleged easement runs, and in September, 1939, they closed up this driveway or alleged easement.

For a better understanding of the location of the alley from Pueblo to O'Farrell, the alleged alley or easement from the center of the Block to 10th Street, the Bayhouse residence, and appellants' residence we will here insert a plat of Block 7.

The question therefore presented, as will appear from the above brief statement of facts, may be stated as follows. Is the strip of land, 12 feet 4 inches wide running from 10th Street westward to the center of Block 7, a public alley either by prescriptive right, or implied dedication, or has it been used by others than the owners merely under a permissive right. There is no contention that there was an express grant.

The trial court found that appellants "do not have any interest or easement in, to or across any part of the real

estate herein found to be the property" of respondents, and concluded that respondents "are owners in fee simple free from any lien, claim of interest or easement therein" of appellants in and to the real estate over which the alleged alley runs.

Judgment was entered in favor of respondents, from which this appeal is prosecuted. The evidence as to certain material points is conflicting.

From the record it appears that on June 2, 1906, Boise City filed of record in the office of the Recorder of Ada County, Idaho, Book 3 of Plats, page 100, an amended location of street centers in the Arnold Addition, which plat was certified to by the then city engineer and the then city clerk, showing an alley running Northerly and Southerly through the Block 7, corresponding with the deeded alley.

It further appears that the deed to appellants as grantees described the real estate purchased by them from Mary Glenn, by metes and bounds as follows:

"All that portion of Block Seven (7) of Dwight Arnold's Addition in Boise City, as follows: Commencing at a point 74 feet South of the Northeast Corner of said Block Seven (7), and running thence South 50 feet along the Westerly line of Tenth Street, and running thence West at right angles to Tenth Street 115 feet to the alley, thence North 50 feet; thence East 115 feet to Westerly line of Tenth Street and place of beginning."

Appellants also filed a Declaration of Homestead containing identically the same description. Neither instrument makes any reference to or exception of an alley or easement across respondents' land. Respondent Mr. Perkins testified that he searched the City records and consulted the City Engineer before purchasing the property through which it is sought to establish an easement and that there was no record or plat of any driveway thereon.

Appellant Mrs. Simmons testified to seeing Frank Bayhouse during 1937 or 1938, and of endeavoring to purchase from him a portion of the ground constituting the driveway from 10th Street to the center of the Block; that Mr. Bayhouse advised her that there was a loan on the property and that he would have to consult the mort-

gagee; that he later informed her that he had seen the mortgagee, and had been advised not to sell any of the property covered by the mortgage. Appellant Doctor Simmons also testified to having discussed with his wife the purchase of some of the ground in the driveway here in question, and to his having talked with Mr. Bayhouse relative to this same matter.

Frank Bayhouse testified to living in the Bayhouse residence on Block 7 beginning in 1879; that the driveway out to 10th Street was used as their private driveway from the Bayhouse home and barns from 1879 to 1880, long before there were any residences in the Block, other than the Bayhouse home, and before they constructed the Bayhouse Floral Company buildings; that then it was used as a private driveway for the benefit of the home and floral business, and was regarded as "our private driveway"; that it was maintained by them; that the City graded the alley leading out to Pueblo Street but did not grade the alley leading out to 10th Street; that the driveway was never laid out or deeded as an alley; that they constructed and maintained the bridge at the entrance of the driveway on 10th Street; that people coming in over the deeded alley from Pueblo Street, could and frequently did turn around on the Bayhouse property and go back out to Pueblo Street as they had come in; that they hauled sand and cinders onto the 10th Street driveway and had certain of their employees do likewise.

It was stipulated at the trial that Henry Bayhouse, if called as a witness, would testify as to the driveway leading out from the deeded alley to 10th Street, substantially as did Frank Bayhouse.

Other witnesses testified that they saw the Bayhouses put cinders and gravel on the driveway but never saw the City improve it. A number of municipal officials testified to the effect that the driveway from 10th Street to the deeded alley was maintained by the Bayhouses. Where the driveway from 10th Street crossed the sidewalk, the curb was not cut, but a bridge was built by the Bayhouses over which they passed from the driveway on 10th Street to the center of the Block, or to their place of business. It appears that one Monarch, Street Commissioner from 1926 to 1930, at one time sanded or filled

up holes in the driveway at the request of the Bayhouses.

Upon this point of maintenance of the driveway there is a direct conflict in that certain witnesses for appellants testified that the driveway was maintained by Boise City in the same manner as were other alleys of the City. There is also some conflict as to the location of a fence running along the South side of appellants' Lot 3. Certain shrubbery and a chicken fence run along the South side of this alleged alley, extending from the 10th Street entrance about half way back to the Bayhouse Floral Company's office.

It is clear that there was no public dedication by the property owners to Boise City of the right of way leading from 10th Street to the middle of the Block. There is positive evidence that there was a dedication of an alley through the center of the Block, running North and South from Pueblo Street to O'Farrell Street, by the original owners, which would negative the contention on the part of the original owners to dedicate an alley from 10th Street to the deeded alley. Like-wise the evidence fails to support an implied dedication by the original owners of Block 7.

The question therefore arises, was there such a public use as to establish a prescriptive right of way.

In *Village of Hailey v. Riley,* 14 Idaho 481, 494, 496, 95 Pac. 686, the case of *City & County of San Francisco v. Grote,* 52 Pac. 128, is cited with approval, as follows:

"It is no trivial thing to take another's land without compensation, and for this reason the Courts will not likely declare a dedication to public use. It is elementary law that an intention to dedicate upon the part of the owners must be plainly manifest."

Further on in the course of that opinion, the case of *Hartley v. Vermillion,* 70 Pac. 273, is cited as follows:

"The intention of the owner to dedicate is a vital element in every case, and that intention also is a pure question of fact. A mere permissive user, by the owner, of the land for a highway never can amount to a dedication. That is a user by license, and nothing more, and of itself never would ripen into a dedication, no matter how long continued. * * * * As previously stated, in order to

constitute a dedication of a highway by evidence in pais, there must be convincing evidence that the owner intended to appropriate the land to public use."

The rule would seem to be that where the owner of real property constructs a way over it for his own use and convenience, the mere use thereof by others which in no way interferes with his use will be presumed to be by way of license or permission. *Harkness v. Woodmansee*, 7 Utah 227, 26 Pac. 291; *Howard v. Wright*, 38 Nev. 25, 143 Pac. 1184; *Bradford v. Fultz*, 167 Ia. 686, 149 N. W. 925; *Burk v. Diers*, 102 Neb. 721, 169 N. W. 263; *Long v. Mayberry*, 96 Tenn. 378, 36 S. W. 1040; *Parish v. Caspar*, 109 Ind. 586, 10 N. E. 109; *Null v. Williamson*, 166 Ind. 537, 78 N. E. 76; *Gascho v. Lennert*, 176 Ind. 677, 97 N. E. 6; *Kilburn v. Adams* (Mass.), 7 Metc. 33, 39 Am. Sec. 754; 18 C. J., sec. 120, p. 105.

The use of a driveway in common with the owner and the general public, in the absence of some decisive act on the user's part indicating a separate and exclusive use on his part negatives any presumption of individual right therein in his favor. *Clarke v. Clarke*, 133 Cal. 631, 66 Pac. 10; *Heenan v. Bevans*, 51 Cal. A. 277, 196 Pac. 802; *Bradford v. Fultz*, 167 Ia. 686, 149 N. W. 925; *Pirman v. Confer*, 273 N. Y. 357, 7 N. E. 2d 262, 264.

An individual using land as a road in common with the public cannot acquire a prescriptive right of way against the owner. *Thornley Land & Livestock Co. v. Morgan Bros.*, 81 Utah 317, 17 P. 2d 826; *Pirman v. Confer*, 273 N. Y. 357, 7 N. E. 2d 262; 111 A. L. R., Extended Annotation, p. 221.

The rule is well established that no use can be considered adverse or ripen into a right by prescription unless it constitutes some actual invasion or infringement of the rights of the owner. *Thomas v. England*, 71 Cal. 456, 12 Pac. 491; *Monarch Real Estate Co. v. Frye*, 77 Ind. A. 119, 133 N. E. 156; 19 C. J. 887, sec. 52, Citations, Note 74.

To acquire an easement by adverse possession over the real property of another the use must be hostile and cannot be by acquiescence or consent. 19 C. J. 886, sec. 51, Citations, Note 64; 9 R. C. L. 778, sec. 37, Citations under Note 7.

One asserting adverse possession as against the owner of real estate must prove each and every element of adverse possession by clear and satisfactory evidence. *Brown v. Brown,* 18 Idaho 345, 110 Pac. 269; *Pleasants v. Henry,* 36 Idaho 728, 734, 213 Pac. 565; 1 R. C. L. 695, sec. 9; 2 C. J. 262, sec. 585; 19 C. J. 958, sec. 181.

The evidence clearly shows that the use of the driveway by the original owners was for their private use as a means of ingress and egress in carrying on their business and that the use by others was but a permissive use. There is no evidence in the record, as we view it, that establishes adverse possesson, on the part of appellants or the public, which was actual, visible, exclusive, or hostile to the original owners of the land over which the alleged driveway or alley runs, or to subsequent owners.

It therefore follows that the evidence is sufficient to sustain the trial court's findings, conclusions and judgment.

The judgment is affirmed, and it is so ordered, with costs to respondents.

Givens, Morgan, Holden, and Ailshie, JJ., concur.