812 P.2d 295

Ronald R. ISAAK and Ethelene M. Isaak, husband and wife, Plaintiffs–Appellants,

v.

IDAHO FIRST NATIONAL BANK, an Idaho corporation; Haney Seed Company, a Delaware corporation; Harry F. Lemoyne and Alice I. Lemoyne, husband and wife; Henri Lemoyne and Sharon Lemoyne, husband and wife; Jeffery I. Sherburne and Deborah G. Sherburne, husband and wife; and Greg Ruddell and Cheryl Ruddell, husband and wife, Defendants–Respondents.

No. 17673.

Court of Appeals of Idaho.

Jan. 9, 1990.

Lloyd J. Walker, argued, and Francis P. Walker, Twin Falls, for appellants.

John C. Ward of Holland & Hart, Langroise, Sullivan, Boise, for respondents Idaho First Nat. Bank and Haney Seed Co.

Paul C. Beeks of Smith & Beeks, Twin Falls, for respondents LeMoyne, Sherburne and Ruddell.

WESTON, Judge, Pro Tem.

This case involves a mortgage and a subsequent agreement modifying the contract secured by the mortgage. The Isaaks appeal from a district court judgment holding that the modification agreement was enforceable. The issues raised on appeal are whether the modification agreement should have been set aside on grounds of economic duress, lack of consideration or fraud. We affirm the district court's judgment.

The facts are as follows. In 1980, the Isaaks sold a farm to Haney Seed Company on a mortgage contract. Although this debt was subordinate to a first mortgage in favor of the Federal Land Bank, the company did not assume liability on the Federal Land Bank mortgage. Later, in 1982, Idaho First National Bank took control of the company's stock as a result of the company's default on loans made to it by the bank, in which the stock of the company had been pledged as security. The bank also took over management of the company and continued to make the payments due to the Isaaks on their mortgage. In 1984, the company informed the Isaaks it would no longer make its mortgage payments but instead would try to sell the farm and, and, if no sale occurred, it would tender a deed to the Isaaks in lieu of a foreclosure. The company sold the farm to the LeMoynes, Sherburnes and Ruddells (hereinafter the LeMoyne group) under a modification agreement which included a "renegotiated" note in favor of the Isaaks. According to the terms of the new note, the Isaaks' legal recourse, in the event of default, was limited to recovery of the real property and

neither the company nor the LeMoyne group could be sued for a deficiency. Approximately one year later, the LeMoyne group abandoned the farm and tendered the deed to the Isaaks. The Isaaks refused the tender and sued to foreclose on the original mortgage note executed by the company. They also sued the company and Idaho First National Bank for a deficiency judgment. The district court refused to set aside the modification agreement and this appeal followed.

A.

We first address the Isaaks' contention that the contract was modified under economic duress. The Isaaks argue that because of the first mortgage in favor of Federal Land Bank, for which the company was not liable, the Isaaks were placed in a position of extreme financial distress when the company announced it would default on the second mortgage. The Isaaks further argue that the company wrongfully took advantage of this economic plight and forced the Isaaks to accept the modified contract. We disagree.

Preliminarily, we note our standard of review. Here, we are presented with a mixed question of law and fact. We defer to factual findings supported by substantial evidence but freely apply the law to those findings. *Staggie v. Idaho Falls Consolidated Hospitals*, 110 Idaho 349, 715 P.2d 1019 (Ct.App.1986).

The law governing economic duress is well settled. The party claiming economic duress must prove that it involuntarily accepted the terms offered by the other party, that the circumstances permitted no other alternative, and that the circumstances were the result of coercive acts of the other party. *Lomas & Nettleton Co. v. Tiger Enterprises*, 99 Idaho 539, 585 P.2d 949 (1978). Mere financial embarrassment or reluctance to accept the offered terms do not constitute economic duress. *Id.*

Here, the only act by the company which led to the Isaaks' financial plight was the company's initial decision to cease making payments on the mortgage. The

district court found that at the time this decision was made, the fair market value of the property exceeded both the first and second mortgages and the company had a legal right to insist the Isaaks first look to their security for payment on the note. *See* I.C. § 6–101. Moreover, the company had the right to claim the protection of I.C. § 6–108 which prohibits a deficiency judgment if the value of the security is equal to or exceeds the mortgage indebtedness. Consequently, by insisting on a nonrecourse note and a release of individual liability, the company obtained no greater rights than it had by statute under the circumstances then existing. Its insistence on retaining these rights could not form the basis of a claim of economic duress. The district court was correct in finding there was no economic duress.

### B.

We now turn to the Isaaks' contention that the contract modification lacked consideration. This is a factual question and we will not disturb the district court's determination if it is supported by substantial evidence. When the Isaaks accepted the renegotiated note, they were no longer forced to take back the property by foreclosure or acceptance of the deed. Moreover, they received the 1984 mortgage payments from the LeMoyne group, which they would not have received had they foreclosed on the property when the company's payments ceased. The Isaaks contend the 1984 payments were not consideration because the payments were already owing. However, this argument ignores the company's option of forcing foreclosure and relying on the anti-deficiency provisions of I.C. § 6–108, discussed above. Based on the record before us, we conclude the district court had substantial evidence from which to conclude that the modification was supported by consideration.

### C.

Finally, we turn to the Isaaks' argument that the contract modification was a result of fraud. Again, we disagree.

As with the previous issue, this issue presents us with a question of fact and we will not disturb the district court's findings if they are supported by substantial evidence. In order to establish fraud, one element the Isaaks had to prove was that they agreed to the contract modification because of a misrepresentation. *See, e.g., Faw v. Greenwood*, 101 Idaho 387, 613 P.2d 1338 (1980). At trial, the Isaaks contended the company falsely represented it was bankrupt and that this alleged bankruptcy was a factor which induced the Isaaks acceptance of the renegotiated note. However, the record indicates the company had exhausted its credit line and owed approximately $8,000,000. There is little evidence in the record suggesting the company was solvent. Consequently, we believe the district court's factual finding that the company did not misrepresent its financial condition was supported by substantial evidence.

The Isaaks ask us to consider Idaho First National Bank's assets in order to determine the company's solvency. However, we believe this issue is limited to the assets of Haney Seed Company. Although the bank took over the management of the company, the record contains no evidence that the bank eliminated the company as a separate entity or gave the company access to the bank's assets (other than granting the company a limited credit line).

Accordingly, we affirm the district court's judgment. Costs to respondents. Although the respondents comprising the LeMoyne group have also requested attorney fees under I.C. § 12–121, we decline to characterize the appeal as frivolous, unreasonable or without foundation. Therefore, the parties will bear their own attorney fees.

WALTERS, C.J., and BURNETT, J., concur.