215 P.2d 297

CUSIC et ux. v. GIVENS et al.

No. 7522.

Supreme Court of Idaho.

Feb. 21, 1950.

Frank Estabrook and Frank F. Kibler, Nampa, for appellants.

230

Milo Axelsen, Nampa, for respondents.

TAYLOR, Justice.

The SW¼ of Sec. 13, Township 1 South, Range 2 West, B. M., in Canyon County, is bounded on the south and west by public roads. Thomas Duffy and wife were the owners of the east half of the quarter section. Their dwelling and other buildings were near the middle of the north forty. In 1919 they conveyed the south forty to one McMullen. The deed contained the following reservation: "Except a strip of land sixteen feet wide reserved for right-of-way for road purposes along the west line of the above described land." By mesne conveyances each containing the identical reservation the plaintiff Lucille Cusic became the owner of this south forty. In 1943 she married Herman Cusic. In the same year plaintiffs contracted to buy the west half of the quarter section, and they have since been in possession of the three forties. The roadway along the west side of the southeast forty is fenced on both sides. After it enters the northeast forty it continues north 335 feet, then turns northeast to the buildings on the "Duffy forty." At the point where the road turns to the northeast from the west line of the Duffy forty there is a gate opening into the plaintiffs' north forty lying to the west, and a bridge across a ditch paralleling and on the west side of the fence. For a number of years before his death in 1946, Thomas Duffy had been a widower in poor health, and his farm was operated by tenants. In 1947, defendant Mary Givens, his daughter, and administratrix of his estate, with her husband Elmer Givens, took possession of the Duffy forty. Following a dispute, defendants closed and locked the gate on the boundary line where

the roadway enters the Duffy forty. Plaintiffs brought this suit claiming an easement over the way on both tracts by prescription and as an appurtenance to their lands. From a judgment for plaintiffs, defendants appeal.

■ The record shows that the road was laid out and established by Mr. Duffy, for his own use, prior to the sale to McMullen. Through the years following it was used by the owners and by all who had occasion to go to either of the adjacent farms, by the ditch rider, the milk trucker, hay buyers, and the occupants of the farms in their farming operations. This use was entirely permissive. Mr. Duffy made no objection. There is nothing in the record to indicate that any user claimed an adverse right. Mr. Morgan, a predecessor of plaintiffs in the ownership and occupation of the west eighty, and who farmed that land in 1939, 1940 and 1941, said he used it because he thought it was a public road. The plaintiff, Cusic himself, testified he thought it was a county road and that the county owned it. A prescriptive right cannot be acquired by such use. Simmons v. Perkins, 63 Idaho 136, 118 P.2d 740; Howard v. Wright, 38 Nev. 25, 143 P. 1184; Village of Hailey v. Riley, 14 Idaho 481, 95 P. 686, 17 L.R.A., N.S., 86; Last Chance Ditch Co. v. Sawyer, 35 Idaho 61, 204 P. 654; Hall v. Taylor, 57 Idaho 662, 67 P.2d 901; Pirman v. Confer, 273 N.Y. 357, 7 N.E.2d 262, 111 A.L.R. 216, and annotation 221; Blakemore v. Matthews, 154 Tenn. 334, 285 S.W. 567; 2 C.J.S., Adverse Possession, §§ 54, 55, pages 570-574; 17 Am.Jur. 971-982; Zollinger v. Frank, 110 Utah 514, 175 P.2d 714, 170 A.L.R. 770, and annotation at page 825.

■ So far as the use of the way in connection with the occupancy of the north half of the eighty is concerned, Givens' testimony is undisputed; that the gate and bridge for entrance into that tract were installed by himself and Mr. Duffy in the spring of 1941; that the lane had not been used in connection with that land before that time; and that the gate and bridge were built for the convenience of Mr. Morgan, plaintiffs' predecessor, who that year farmed the defendants' land as a tenant of Mr. Duffy. In 1942 the eighty was operated by Mr. Rohrbacher, who was also in possession of the Duffy land as a tenant. Possession of the tenant is deemed possession of the landlord, and the tenant cannot hold adversely to his landlord. Section 5-211, I.C.; Potrero Nuevo Land Co. v. All Persons, 29 Cal.App. 743, 156 P. 876; Rogers v. Cation, 9 Wash.2d 369, 115 P.2d 702; Conaway v. Toogood 172 Cal. 706, 158 P. 200; Quon v. Sanguinetti, 60 Ariz. 301, 135 P.2d 880; 1 Am.Jur., Adverse Possession, sec. 32. For this reason also, the use by Morgan and Rohrbacher was not adverse.

■ In regard to the sixteen foot strip along the west side of the southeast forty, however, another element is involved. We are in accord with the weight of authority

to the effect that the language used in the deed from Duffys to McMullen expresses the intent to convey the fee and reserve an easement, and that the intent of the parties being the controlling consideration, an easement for road purposes, only, was created, as an appurtenance to the northeast forty. 55-604, I.C.; 16 Am.Jur. 615-616; 17 Am.Jur. 942-943; 139 A.L.R. 1339, annotation at 1348, 1358; Coon v. Sonoma Magnesite Co., 182 Cal. 597, 189 P. 271. Rall v. Purcell, 131 Or. 19, 281 P. 832; 26 C.J.S., Deeds, §§ 137-140, pages 439-460. The plaintiffs (title appears to be in Mrs. Cusic) as the owners of the servient fee are privileged to put the land, over which the easement exists, to any lawful use they may choose, so long as such use does not infringe the easement. West Coast Power Co. v. Buttram, 54 Idaho 318, 31 P.2d 687; Tomchak v. Harris, 54 Idaho 448, 32 P.2d 1025; Coulsen v. Aberdeen-Springfield Canal Co., 47 Idaho 619, 277 P. 542; Reynolds Irrigation Dist. v. Sproat, 69 Idaho 315, 206 P.2d 774; 17 Am.Jur., Easements, sec. 101; 28 C.J.S., Easements, § 91, pages 770-772. Defendants did not seek affirmative relief, and made no showing that plaintiffs' use of the lane on their land for road purposes, in any way interfered with defendants' full enjoyment of the easement. Although there was no proof on the part of the plaintiffs that defendants had attempted to exclude plaintiffs from this part of the lane, since defendants claimed the right so to do, it was proper for the court to enjoin such interference.

The cause is remanded with directions to modify the decree to provide that plaintiffs are the owners of the servient fee in the sixteen foot roadway on the southeast forty, and to eliminate the part which declares plaintiffs to be the owners of an easement in that part of the roadway which lies on the northeast forty and which enjoins defendants from obstructing or interfering with the use thereof by plaintiffs or their successors. In other respects the judgment is affirmed.

Costs to appellants.

HOLDEN, C. J., and GIVENS, PORTER, and KEETON, JJ., concur.