697 P.2d 451

**Town HALL, a single man,
Plaintiff-Appellant,**

v.

**Marge STRAWN, Defendant-Respondent.**

**No. 15110.**

Court of Appeals of Idaho.

Feb. 27, 1985.

Rehearing Denied April 11, 1985.

Petition for Review Denied
June 19, 1985.

Brent Roche, Pocatello, for plaintiff-appellant.

Clark Gasser, Pocatello, for defendant-respondent.

Before HUNTLEY, Acting C.J., and WALTERS and TOWLES, Acting JJ.

WALTERS, Acting Judge.

Appellant, Town Hall, initiated this action on December 21, 1981, in an attempt to establish a prescriptive easement for ingress and egress to certain real property he owns outside the city of Pocatello. He alleged he was entitled to an easement to use a road located on property owned by respondent, Marge Strawn, based on the fact that he had used the road longer than the five-year prescriptive period (I.C. § 5–

203). The suit was heard by the court, sitting without a jury. At the close of Hall's case, Strawn moved for an involuntary dismissal pursuant to I.R.C.P. 41(b). The trial judge granted the motion and awarded Strawn costs and attorney fees. Hall appeals. We affirm.

The road in dispute, commonly known as the Police Cabin Road, is used by the Pocatello Police Association (Association) to reach a cabin which the Association maintains on land owned by the United States and administered by the Bureau of Land Management (BLM). The previous owner of Strawn's property had given the Association a permissive use easement across the property to reach the cabin. After purchasing the property, Strawn continued to allow the Association to use the roadway. In about 1950, the location of the roadway was changed due to construction of Strawn's home. The Association constructed the current road and is responsible for its maintenance. An employee of the Pocatello Street Department testified that the City of Pocatello maintains the road at the request of the Police Department.

Hall acquired property in the vicinity of the Police Cabin Road in 1962. In 1979, he purchased 38.5 acres adjacent to Strawn's property, including some hillside property located adjacent to the BLM land. At trial, he attempted to show that he had used the roadway from 1960 until 1981 for general purposes ranging from horseback riding to work-related use such as retrieving telephone poles and mending fences. Hall testified that he believed he had a right to use the road because "I thought the road was maintained by the City of Pocatello, and I figured no barriers. A lot of people use it, and I figured I had a right because I do own property. I'm the only fellow that owns property up there, private property."

In 1981, Hall began constructing an access road from the Police Cabin Road to the top of his property. Strawn objected to the construction, and ultimately placed a locked metal gate across the Police Cabin Road, blocking Hall's access to his new road. Hall then initiated this lawsuit in an attempt to establish his right to a prescriptive easement across the Police Cabin Road.

In order to establish a prescriptive easement, a claimant must submit " 'reasonably clear and convincing' proof of open, notorious, continuous, and uninterrupted use, under a claim of right, with the knowledge of the owner of the servient tenement, for the prescriptive period." *West v. Smith*, 95 Idaho 550, 557, 511 P.2d 1326, 1333 (1973). The trial court found that prior to 1981, Hall's use of Strawn's roadway was "not of such character as to give defendant notice of any adverse claime [sic] thereto by plaintiff." On appeal, Hall asserts that the trial court erred in requiring him to affirmatively prove that Strawn had knowledge of his use of the Police Cabin Road under a claim of right. He argues that his open and notorious use of the roadway for longer than the prescriptive period was sufficient to charge Strawn with knowledge of his claim. We recognize that a person is charged with knowledge of the status and condition of his or her land, and that, in the usual case, where a claimant succeeds in establishing open, notorious, continuous and uninterrupted use under a claim of right for the statutory period, knowledge of the owner may be presumed. *See* 2 G. Thompson, Commentaries on the Modern Law of Real Property, § 341, at 194–95 (1980 Replacement); *Sanchez v. Dale Bellamah Homes of New Mexico, Inc.*, 76 N.M. 526, 417 P.2d 25 (1966); *Jurgensen v. Ainscow*, 155 Neb. 701, 53 N.W.2d 196 (1952); 25 Am.Jur.2d, *Easements and Licenses* § 61, at 470. However, mere use alone is insufficient to establish an easement. The use must also be exclusive in the sense that it is proprietary in nature and exercised independently of the rights of all others. *Thompson, supra,* at 195.

In the present case, Strawn testified that, with her permission, the Association and several of her neighbors used the road in question. Hall, himself, testified that he thought he was using a public road. Where, as here, the same degree of use

upon which the adverse claim is based has been exercised indiscriminately by the general public, individual acquisition of a prescriptive easement has generally been held impossible. Annot., 111 A.L.R. 221 (1937). In such a case, the claimant must perform some act whereby the adverse nature of the claim is clearly indicated to the owner of the servient estate. *Id.*

The case at bar is analogous to *Cusic v. Givens,* 70 Idaho 229, 215 P.2d 297 (1950). In *Cusic* the plaintiffs sued to establish a prescriptive easement over a road crossing the defendant's property. The road had been opened by a Mr. Duffy, the defendant's predecessor. In rejecting plaintiff's claim our Supreme Court stated:

> The record shows that the road was laid out and established by Mr. Duffy, for his own use, prior to the sale to McMullen. Through the years following it was used by the owners and by all who had occasion to go to either of the adjacent farms, by the ditch rider, the milk trucker, hay buyers and the occupants of the farms in their farming operations. This use was entirely permissive. Mr. Duffy made no objection. There is nothing in the record to indicate that any user claimed an adverse right. Mr. Morgan, a predecessor of plaintiff's in the ownership and occupation of the west eighty, and who farmed that land in 1939, 1940 and 1941, said he used it because he thought it was a public road. *The plaintiff, Cusic himself, testified he thought it was a county road and that the county owned it. A prescriptive right cannot be acquired by such use.* [Citations omitted; emphasis added.]

*Id.* at 231. 215 P.2d at 298. We agree with the trial court that the appellant did not demonstrate that his use of the Police Cabin Road was of such character as to give respondent notice of his adverse claim.

The decision of the district court is affirmed in all respects. Costs to respondent, Marge Strawn; no attorney fees on appeal.

HUNTLEY, Acting C.J., and TOWLES, Acting J., concur.