946 P.2d 984

Dennis MARSHALL and Paula Marshall,
husband and wife, Plaintiffs–
Respondents,

v.

Joseph A. BLAIR and Jeanne E. Blair,
husband and wife, Defendants–
Appellants.

No. 21669.

Court of Appeals of Idaho.

Aug. 28, 1996.

J. Michael Wheiler, argued, Thomsen & Stephens, P.A., Idaho Falls, for Defendants–Appellants.

Thomas E. Moss, argued, Moss & Esplin, Blackfoot, for Plaintiffs–Respondents.

WALTERS, Chief Judge.

This case involves a dispute over a road easement in Bingham County. Dennis and Paula Marshall filed suit against Joseph and Jeanne Blair, seeking a determination of the Marshalls' right to access their property using a lane which extends from a public road, past the Blairs' home, past a neighbor's property, to the Marshalls' residence. The district court held that: (1) the Marshalls have a prescriptive easement as well as an implied easement allowing them use of the lane; (2) there was no basis to uphold any boundary by agreement or acquiescence; and (3) the Blairs had not proven their claim of adverse possession. The court also denied a claim by the Blairs that they should be permitted to maintain a gate across the easement. The Blairs have appealed from the judgment entered in favor of the Marshalls. For the reasons set forth below, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Joseph and Jeanne Blair own a twenty-acre parcel of property on which they reside. Dennis and Paula Marshall also own a twenty-acre parcel of property, located southwest of the Blair property, upon which they have constructed a home. Both the Blairs and the Marshalls access their properties by exiting from Thomas Road, a public road running east-west and which is located north of both properties, onto Kirwan Lane, the road at issue. Kirwan Lane is a graveled, single lane road which extends south from Thomas Road for one-fourth of a mile. From Thomas Road, the lane exits onto the Blairs' property, extends past property owned by Dorthella Kirwan, and ends at the Marshall property. Shortly after the Marshalls pur-

chased their property, the Blairs erected a gate across Kirwan Lane. The gate was located so that all of Blairs' neighbors who regularly used the lane, except the Marshalls, could continue to do so. The gate only prevented use of the lane to reach the Marshall property.

The Marshalls filed an action claiming that they had both a prescriptive easement and a boundary by acquiescence to use Kirwan Lane as ingress and egress to and from their residence. They asked the court to enjoin the Blairs from obstructing the lane. The Blairs responded, alleging that Kirwan Lane lay on property that they had acquired by deed and, if not, then they had adversely possessed it and, as a consequence, had rightfully erected the gate. They also asserted that the Marshalls already had a fifty-foot easement, extending west from their property, which provided them access to Thomas Road by way of Taylor Road and, thus, it was not necessary that the Marshalls use Kirwan Lane. Taylor Road is a public highway, located approximately one-half mile west of the Marshalls' property. It runs north into Thomas Road and is parallel to Kirwan Lane. The district court found that the easement, extending from the Marshall property to Taylor Road, is a field road which traverses farming land. After physically viewing the location of the alleged fifty-foot easement, the district court concluded that substantial improvements would need to be made to the field road in order for the easement to provide access to the Marshall property comparable to that provided by Kirwan Lane.

After a court trial, the district court held that Marshalls had established a right to an easement over Kirwan Lane. The Blairs appeal from the judgment.

## II. ISSUES

The Blairs claim that the district court erred in holding that the Marshalls have a prescriptive easement and an easement by implication allowing them use of Kirwan Lane. They argue that they rightfully installed a gate on Kirwan Lane to prevent further loss by prescription. The Blairs also contend that since they were the prevailing party on the issue of boundary by acquiescence, they are entitled to be reimbursed for costs incurred in defending that claim.

## III. STANDARD OF REVIEW

 Whether a private prescriptive easement has been proved presents entwined questions of law and fact. *Chen v. Conway,* 121 Idaho 1006, 1008, 829 P.2d 1355, 1357 (Ct.App.1991). On appeal from a mixed question of law and fact, this Court will defer to findings of fact based upon substantial evidence, but we exercise free review over questions of law. *Staggie v. Idaho Falls Consol. Hospitals, Inc.,* 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct.App.1986). In reviewing findings of fact, we do not weigh the evidence, nor do we substitute our view of the facts for that of the trial judge. *Blaser v. Cameron,* 121 Idaho 1012, 1015, 829 P.2d 1361, 1364 (Ct.App.1991); *Ortiz v. Dept. of Health & Welfare,* 113 Idaho 682, 683, 747 P.2d 91, 92 (Ct.App.1987). Findings of fact cannot be deemed clearly erroneous if they are supported by substantial, albeit conflicting, evidence in the record. *Ortiz,* 113 Idaho at 683–84, 747 P.2d at 92–3.

## IV. DISCUSSION

### A. Prescriptive Easement.

 In order to establish a prescriptive right of easement, a claimant must submit reasonably clear and convincing proof of open, notorious, continuous, and uninterrupted use, under a claim of right, with the knowledge of the owner of the servient tenement for the prescriptive period of five years. I.C. § 5–203; *Chen v. Conway,* 121 Idaho 1000, 1005, 829 P.2d 1349, 1354 (1992); *Bumgarner v. Bumgarner,* 124 Idaho 629, 643, 862 P.2d 321, 335 (Ct.App.1993). If the roadway's use was adverse for *any* continuous five-year period, that use can establish a prescriptive right to the use of the road. *Burns v. Alderman,* 122 Idaho 749, 754, 838 P.2d 878, 883 (Ct.App.1992). However, a prescriptive right cannot be obtained if the use of the servient tenement is by permission of its owner, as such use clearly is not adverse to the rights of the owner. *State ex*

*rel. Haman v. Fox,* 100 Idaho 140, 143, 594 P.2d 1093, 1096 (1979); *Burns, supra.*

 The general rule in Idaho is that proof of these elements, without evidence as to how the use began, raises the presumption that the right was adverse and under a claim of right. *West v. Smith,* 95 Idaho 550, 557, 511 P.2d 1326, 1333 (1973). Upon such a showing, the burden shifts to the owner of the servient tenement to prove that the use was permissive, or by virtue of a license, contract or agreement. *Id.* If the prescriptive right began under permission or license, it can be changed into one exercised as a claim of right. *Webster v. Magleby,* 98 Idaho 326, 327, 563 P.2d 50, 51 (1977). For a permissive use to become adverse or under claim of right, the claimant must do some unequivocal act which places the owner of the alleged servient tenement on notice that the character of the use has changed. *Lorang v. Hunt,* 107 Idaho 802, 804, 693 P.2d 448, 450 (1984).

We begin by reviewing several of the district court's findings. These findings provide the necessary framework in which to consider arguments presented by the Blairs.

The district court found that in 1927, E.E. Kirwan purchased what is now the Blair property. Then, in 1944, Kirwan purchased a tract of land which included what is known today as the Marshall property. In 1963, Kirwan sold the Blair property by contract to Douglas Wray, retaining title to the property as security. Kirwan continued to use Kirwan Lane to access the Marshall property. Wray's contract was later assigned to other parties, and in October of 1974, the Blairs obtained that interest.

In February of 1970, Kirwan deeded his interest in the Marshall property to his son, Jack Kirwan. At that time, Kirwan Lane was the only access to the Marshall property and Jack used the lane to access the property. In September of 1973, Jack sold the property by contract to B.R. Goodwin. It was Jack's belief that Goodwin's purchase also included the right to use Kirwan Lane. In addition to this acquisition, Goodwin owned all the real property immediately west of the Marshall property to the edge of Taylor Road. During the nine or ten years that Goodwin owned the Marshall property, he used Kirwan Lane regularly to access his property for agricultural purposes.

In December of 1983, Goodwin sold the Marshall property to John Thueson. The deed from Goodwin to Thueson provided for the right to use Kirwan Lane for access to Thomas Road. According to the record, this was the first time Kirwan Lane had been mentioned in any document of record. The deed also granted Thueson a fifty-foot easement extending west from the property to Taylor Road. Thueson planned to build a home on the property, but in order to obtain the necessary permit, he needed a fifty-foot easement from a public road into the property. The court found that Thueson never intended to use the easement to Taylor Road but obtained it to secure the building permit. Furthermore, the court found that during his ownership of the property, Thueson always used Kirwan Lane to gain access to his property.

In January of 1992, Thueson sold the property to the Marshalls. The deed between Thueson and the Marshalls contained the fifty-foot easement to Taylor Road as well as the right to use Kirwan Lane, i.e., "an existing road easement" to Thomas Road. The Marshalls began construction of their home in 1992. All construction materials were delivered to their property by way of Kirwan Lane, and the Marshalls used the lane regularly as they travelled to and from their home. During the summer of 1993, the Blairs erected a gate across Kirwan Lane, and advised the Marshalls they could no longer use the lane to access their property.

 The Blairs argue that the district court erred in applying the presumption of adverse use in determining the Marshalls' claim of right under a prescriptive easement. They state that the Marshalls were in possession of their property approximately fourteen months prior to the commencement of this action and, as such, their use of Kirwan Lane was not for the requisite statutory period of time for prescriptive easements. The Blairs acknowledge, however, that the Marshalls' alleged adverse use may be tacked with adverse use by predecessors in interest,

in order to meet this time requirement, where privity exists between the users. *See, e.g., Wood v. Brown, Inc.,* 108 Idaho 739, 741–42, 702 P.2d 777, 779–80 (1985). But they assert that Marshalls' predecessor, Thueson, did not use the lane adversely because he sought and received permission from the Blairs to use Kirwan Lane prior to purchasing the Marshall property. Finally, the Blairs argue that because there was common usage of Kirwan Lane, the court should have applied the presumption of permissiveness. Based on these arguments, the Blairs contend that the Marshalls simply had a license, which could be terminated by the Blairs, as the licensor, at any time.

As noted, the presumption that the Marshalls' use of Kirwan Lane was adverse and under a claim of right, arises when the owners of the servient tenement, the Blairs, are unable to show how the use began. *West,* 95 Idaho at 557, 511 P.2d at 1333. Therefore, the initial question before us is whether the Blairs met their burden of showing that the use of the lane by the Marshalls was permissive.

The district court found that Kirwan Lane has existed at its present location for at least seventy years and, though no one knows exactly how the lane came into being, it has been in continuous use and has always extended to the Marshall property. The court found that, except for occasional hunters and fishermen seeking permission to hunt and fish at the river to the south of Kirwan Lane, no one sought permission to use Kirwan Lane. The district court also held that over the years, those people who have lived or farmed near the lane have always assumed the lane was open for use by anyone who owned property along it, and that the lane has been used accordingly.

There is evidence to support the findings of the district court. The record shows that the Blairs failed to meet their burden of proving how Kirwan Lane came into being. Therefore, the court below appropriately applied the presumption of adverse use to the Marshalls' claim of right.

■ Next, the Blairs argue that Thueson's use of the lane was not adverse because he sought and obtained permission from them to use it. There is some testimony offered by the Blairs in the record, and refuted by Thueson, that Thueson had spoken with the Blairs and requested permission to use the lane to traverse to the Marshall property. The district court held that the weight of the evidence indicated that such a discussion likely occurred sometime between one and three years prior to Thueson's purchase of the property, and that such a conversation may have been for the sole purpose of accessing the property to inspect it prior to the purchase. Additionally, in response to questioning at trial by plaintiffs' counsel, Thueson testified as follows:

Q: Prior to your purchasing the property—you have told us what your understanding was as to the lane in question, your access. Did anyone indicate to you that there would be any problems with your using that lane at any time?

A: No.

Q: Did you ever seek permission from anyone to use that lane?

A: I don't remember ever asking anybody for anything until the power company required me to get permission from the Kirwans to put power poles down [after the property had been purchased by Thueson].

Q: Did you do that?

A: Yes. I had to have written permission.

Q: You have heard Jeannie Blair say that .... you said, "Do you think it would· be okay if I used that lane?" Did you ever do that?

A: I don't remember any conversation specifically or anything that was said. I remember having several conversations with a lot of people and certainly Jeannie because we had talked about the farm ground and so forth. But I don't remember asking permission to use it [the lane] because I didn't know they [the Blairs] owned it at the time.

The district court found, after considering the ,evidence, that although Thueson may have gained permission to use Kirwan Lane "for the sole purpose of accessing the property to look at it, prior to purchase," there was no evidence of any permission sought or

granted following the purchase. Upon reviewing the record, we conclude that the district court's findings are supported by substantial evidence, and are not erroneous.

 Finally, we address whether Thueson's use of Kirwan Lane was adverse, thus allowing the Marshalls to tack Thueson's use onto theirs in order to meet the statutory five-year period for establishing an easement by prescription. The district court found that the Blairs have owned their property since 1963, and from that time have had "no trespassing" signs posted at the entrance of Kirwan Lane. The court held that use of the lane by the Marshalls and their predecessors in interest had been open, notorious, without the permission of, and readily observable by the owners of the Blair property. The evidence in the record supports these findings. Furthermore, we note that privity, for the purposes of tacking a prior owner's adverse use, may be established if the "parties occupy the relationship of grantor and grantee ... and ... it is understood by a grantor and grantee that the area in question was included within the terms of the conveyance." WILLIAM E. BURBY, REAL PROPERTY, § 111 at 274 (3rd Ed.1965). It is not necessary that the land in question be described in the conveying instrument. *Id.* at 274-75.

We uphold the district court's findings that Thueson's use was adverse. We further conclude that the court did not err in holding that privity existed between the Marshalls and Thueson allowing the Marshalls to tack Thueson's adverse use in order to meet the requisite time for establishing a prescriptive easement.

For the reasons stated, we conclude that substantial and competent evidence exists supporting the district court's finding that a prescriptive easement was established in favor of the Marshalls. Having reached this conclusion, we do not find it necessary to address the district court's alternative determination that an implied easement existed in favor of the Marshalls.

## B. Installation of Gate.

 After the district court issued its memorandum decision determining that the Marshalls had acquired a prescriptive easement over Kirwan Lane, the Blairs filed a motion requesting further direction from the district court with regard to placing a gate across Kirwan Lane. The Blairs represented that they wished to prevent future claims of adverse possession by other nonauthorized users of the lane, but that the Marshalls objected to the Blairs' plan to install the gate. The district court denied this motion, ruling as follows:

The evidence at trial revealed that a gate once existed at the entrance to Kirwain [sic] lane from Thomas road. That gate was used to prevent or restrict the movement of cattle pastured on adjacent property. Since the cattle have been removed the gate has not been used. The lane is clearly posted with "no trespassing" signs as it leaves Thomas road.

With the exception of the gate which spawned this litigation no gate has existed on the lane since the Blairs purchased their property. It was also clear that other land owners, not parties to this litigation and who own property adjoining Kirwain [sic] lane, regularly use the lane to access their property.

A reading of the Idaho cases cited by the Blairs leads this Court to conclude they would certainly be within their rights to place a gate on the lane if there exists some necessity to control livestock or in some manner to protect their property. That necessity has not been shown to exist beyond such protection already afforded by no trespassing signs, and the right to prosecute violators. To allow the gate to be installed at the head of the lane affects the rights of others who are not parties to this litigation and this Court cannot properly entertain such a request. [Footnote omitted.]

 The Blairs argue on appeal that the district court's refusal to allow them to place a gate across the prescriptive easement was error. We disagree. Clearly, a trial court is empowered to establish reasonable regulations that may attach to the exercise of a prescriptive easement, including the installation of a gate. *Gibbens v. Weisshaupt,* 98 Idaho 633, 570 P.2d 870 (1977). For the

purpose of appellate review of an order relating to the imposition of reasonable regulations pertaining to an easement, our Supreme Court has indicated that the trial court's determination must be supported by an evidentiary record. In *Wood v. Brown, Inc.*, 108 Idaho 739, 702 P.2d 777 (1985), the Court upheld the trial court's determination that insufficient evidence had been presented upon which the lower court could prescribe the detailed usage which the users (the plaintiffs Woods) ought to be permitted to make of the prescriptive easement. The Court noted that

> upon an adequate showing of the inability of the parties to agree [to the detailed usage], the trial court has implicitly retained jurisdiction for the purpose of taking additional evidence upon which it might, if required, set forth detailed and specific regulations for utilization of the prescriptive easement by the Woods. *Aztec Ltd., Inc. v. Creekside Inv. Co.*, 100 Idaho 566, 602 P.2d 64 (1979), and *Gibbens v. Weisshaupt*, 98 Idaho 633, 570 P.2d 870 (1977), are informative in this regard.

108 Idaho at 742, 702 P.2d at 780.

Here, in its decision denying the Blairs' motion, set forth above, the district court articulated its reasons for not ordering installation of a gate across Kirwan Lane. The court's reasons were predicated both upon evidence in the record and upon the absence of evidence showing a necessity for additional protection. The district court also determined that it should not permit the installation of a gate on the lane because of the effect on other neighboring landowners who have regularly used Kirwan Lane, but who were not named as parties to this action.

Based upon the record presented and the reasons given by the district court, we hold that the district court did not err in denying the Blairs' motion.

## C. Costs Pursuant to I.R.C.P. 54.

█ The Blairs claim that the district court erred in denying them the costs they incurred in defending the Marshalls' claim of boundary by acquiescence. The Blairs assert that since they were the prevailing party

on this issue, they were entitled to their costs pursuant to I.R.C.P. 54(d)(1)(B).

It is well established that the determination of who is the prevailing party, if anyone, is within the trial court's discretion, and the appellate court will not disturb the trial court's decision unless there is an abuse of discretion. *Farm Credit Bank of Spokane v. Wissel*, 122 Idaho 565, 568, 836 P.2d 511, 514 (1992); *Sun Valley Shopping Center, Inc. v. Idaho Power*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). Furthermore, the determination with regard to which party has prevailed is not a matter of a mechanical measurement of the size of each party's respective recovery. *Ramco v. H–K Contractors, Inc.*, 118 Idaho 108, 113, 794 P.2d 1381, 1386 (1990). Instead, the trial court should analyze each claim separately. *Id.* Where both parties have successfully asserted claims, the claims should be severed and costs analyzed separately for each. I.R.C.P. 54(d)(1)(B); *Ramco, supra*.

The ruling of the district court demonstrates that it appropriately perceived this issue as one of discretion. Furthermore, the court stated in its order on the Blairs' motion to reconsider and on their objection to the award of costs, that it could not ascertain that any portion of the costs requested were solely related to the boundary by acquiescence claim because even though the claim was dismissed, the facts which the Marshalls' relied to support that theory were the same facts upon which they prevailed in relation to their right to prescriptive use of the easement.

We find no abuse of discretion by the district court in its decision not to award costs to the Blairs pursuant to I.R.C.P. 54(d)(1)(B).

## V. CONCLUSION

We uphold the district court's determination that the Marshalls acquired a prescriptive easement over Kirwan Lane. We conclude that the court did not err in applying the presumption of adverse use to the Marshalls' claim of right since the Blairs failed to establish how the use of the lane began. The Blairs also failed to show that Thueson

sought and obtained permission to use the lane, and that Thueson's adverse use could not be tacked because the Marshalls lacked privity of estate with him. The district court's judgment in favor of the Marshalls is affirmed.

Furthermore, we hold that the district court did not abuse its discretion in denying costs to the Blairs. The court's order granting costs to the Marshalls is also affirmed.

Costs on appeal are awarded to the Marshalls. No award is entered for attorney fees, as such an award was not requested.

PERRY, J., concurs.

LANSING, Judge, dissenting.

I respectfully dissent. In holding that the trial court's finding of a prescriptive easement is supported by the evidence, the majority does not acknowledge or address the central argument presented by the Blairs in this appeal.

The Blairs rely upon a doctrine expressed as follows by the Idaho Supreme Court in *Simmons v. Perkins,* 63 Idaho 136, 144, 118 P.2d 740, 744 (1941):

> The use of a driveway in common with the owner and the general public, in the absence of some decisive act on the user's part indicating a separate and exclusive use on his part negatives any presumption of individual right therein in his favor.
>
> An individual using land as a road in common with the public cannot acquire a prescriptive right of way against the owner. (Citations omitted.)

Since the *Simmons* decision, Idaho courts have consistently ruled that where the same degree of use upon which an adverse claim is predicated has been exercised by the general public, a prescriptive easement cannot be established in the absence of a showing that the claimant has performed some act giving notice of the adverse claim to the owner of the servient estate. *See Cusic v. Givens,* 70 Idaho 229, 231, 215 P.2d 297, 298 (1950);

*Hall v. Strawn,* 108 Idaho 111, 112–13, 697 P.2d 451, 452–53 (Ct.App.1985).

This doctrine, and its historical development, were discussed by the Idaho Supreme Court in some detail in *Cardenas v. Kurpjuweit,* 116 Idaho 739, 779 P.2d 414 (1989).[1] The Court there disapproved language in earlier cases indicating that if the claimant believed that the road was a public road, the claimant's use could not be proprietary in nature and therefore could not give rise to a prescriptive easement. The Court therefore overruled *Cusic, Hall* and *French v. Sorensen,* 113 Idaho 950, 751 P.2d 98, (1988), "in so far as they stand for the erroneous proposition that the claimant's state of mind is relevant in determining whether a private prescriptive easement has been established...." *Cardenas,* 116 Idaho at 742, 779 P.2d at 417. So far as I can discern, however, the *Cardenas* opinion did not overrule, disapprove or limit the broader holdings in *Simmons, Cusic* and *Hall* that use of a road in common with the public, and without any decisive act indicating that the claimant's use is proprietary or exclusive, will not give rise to a prescriptive easement.

In the present case, the evidence indicates that the Marshalls and their predecessors used Kirwan Lane in common with the general public. Other landowners with property abutting Kirwan Lane used the road to access their homes. Outdoorsmen used it to access a nearby river, and the general public used it to reach an upholstery business and a plumbing business located on property that lay between the Marshall property and Thomas Road. The Marshalls did not present evidence of any "decisive act" taken by them or their predecessors indicating that their use was proprietary and adverse to the Blairs. The acquisition of a prescriptive easement must be proved by "reasonably clear and convincing proof." *Burns v. Alderman,* 122 Idaho 749, 754, 838 P.2d 878, 883 (1992); *West v. Smith,* 95 Idaho 550, 557, 511 P.2d 1326, 1333 (1973); *Roberts v. Swim,* 117 Idaho 9, 12, 784 P.2d 339, 342 (Ct.App.1989).

---

1. The Supreme Court's opinion adopts and quotes at length the concurring opinion of Judge Burnett in the Court of Appeals' disposition of the same case, *Cardenas v. Kurpjuweit,* 114 Idaho 79, 753 P.2d 290 (Ct.App.1988).

That burden was not met by the Marshalls in this case.

In addition to finding a prescriptive easement, the district court also found that the Marshalls possessed an implied easement. An implied easement from prior use may be established by demonstrating three elements: (1) unity of title or ownership and subsequent separation of title; (2) apparent continuous use long enough before separation of title to show that the use was intended to be permanent; and (3) the easement must be reasonably necessary to the proper enjoyment of the dominant estate. *Bear Island Water Association, Inc., v. Brown,* 125 Idaho 717, 725, 874 P.2d 528, 536 (1994); *Close v. Rensink,* 95 Idaho 72, 76, 501 P.2d 1383, 1387 (1972). The district court found that these elements were satisfied by the evidence presented at trial. Regrettably, however, a claim for an implied easement was never asserted by the Marshalls. Their complaint does not allege an implied easement, and no argument regarding an implied easement was presented in their post-trial brief. So far as the record on appeal discloses, the implied easement theory did not surface until the district court issued its findings and conclusions, which found that an implied easement had been proved.

A trial court may not determine a case upon unpleaded theories unless the unpleaded theory was tried by the express or implied consent of the parties. *Ross v. Coleman Co., Inc.,* 114 Idaho 817, 827–28, 761 P.2d 1169, 1179–80 (1988); *M.K. Transport v. Grover,* 101 Idaho 345, 349, 612 P.2d 1192, 1196 (1980). The mere fact that evidence relevant to an unpleaded issue was introduced at trial does not indicate that the issue was tried by consent, if the admitted evidence was also relevant to a pleaded issue. *Strate v. Cambridge Telephone Co., Inc.,* 118 Idaho 157, 162, 795 P.2d 319, 324 (Ct.App.1990). This is so because it would be unfair to the opposing party to deem an issue to have been tried with implied consent if the parties do not squarely recognize it as an issue in the trial. *Ross,* 114 Idaho at 826, 761 P.2d at 1178. "[C]onsent implies, and minimal due process requires, notice to a litigant of the issues being raised. When issues are not raised by the pleadings, the evidence raising the legal issue must be clear enough so that *both* parties know of the issue and consent to the issue being tried." *Id.* at 827, 761 P.2d at 1179 (emphasis in original).

In this case the record contains much trial evidence that was relevant to determination of the existence of an implied easement. However, this evidence was also relevant to the pleaded causes of action and defenses thereto. Further, the Marshalls' present assertion that a claim of easement by implication was tried by consent is belied by the fact that no such theory was addressed in their post-trial brief. The district court's desire to afford relief which was apparently warranted by the evidence is understandable, but on this record, it cannot be said that the Blairs were on notice that an implied easement claim was being tried or that they had a fair opportunity to present a defense to that cause of action. Therefore, I conclude that the district court erred in addressing and granting relief on the implied easement theory.

Because the claim of a prescriptive easement is not supported by the record, and because the claim of an implied easement, though perhaps proved, was not pleaded or tried by consent, the judgment of the district court should be reversed.