IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 34515

| STATE OF IDAHO, | ) | 2009 Opinion No. 5 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 22, 2009 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GREGORY STUMP, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Teton County. Hon. Jon J. Shindurling, District Judge. Hon. Colin W. Luke, Magistrate Judge.

Order of the district court affirming the magistrate's denial of the defendant's motion to exclude evidence of breath test, <u>affirmed</u>.

Ronald L. Swafford, Swafford Law Office, Chartered, Idaho Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daniel W. Bower, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

The issue presented on this appeal is whether the prosecution presented a sufficient foundation for the admission of breath test results by showing that the officer adequately performed the required fifteen-minute monitoring of the defendant before administering the test. The magistrate denied Stump's motion to exclude evidence of the breath test and, on intermediate appeal, the district court affirmed. We affirm.

## I.

## FACTS AND PROCEDURAL BACKGROUND

Teton County Sergeant Jared Hurt arrested Gregory Stump on suspicion of driving under the influence, I.C. § 18-8004, and transported him to the Teton County Sheriff's Office to test his breath alcohol level using an Intoxilyzer 5000. Upon arrival, Officer Hurt seated a handcuffed Stump approximately two feet from the Intoxilyzer 5000. Stump was advised to tell officer Hurt if Stump belched or vomited. Officer Hurt then walked eight to ten feet to the position from

which he observed Stump. Officer Hurt positioned himself behind a partition which had a writing surface on top. Officer Hurt stood behind the partition, facing Stump. Officer Hurt filled out some paperwork on the writing surface atop the partition while facing Stump. Officer Hurt stood next to Stump while reading the DUI Advisory Form to him. Given Stump's seated proximity to the Intoxilyzer 5000, Office Hurt kept Stump in view, by not turning his back, while preparing the Intoxilyzer 5000 for the test.

Stump filed a motion in limine seeking to exclude evidence of the breath test on the ground that the prosecution could not establish foundation for its admission because (1) Officer Hurt did not observe Stump for a full fifteen-minute period prior to administration of the test, and (2) Officer Hurt failed to *adequately* observe Stump for the required fifteen-minute period prior to the administration of the test. After conducting a hearing, the magistrate denied the motion. Stump then entered a conditional guilty plea, reserving the right to appeal the magistrate's denial of his motion in limine. Stump appealed to the district court, which affirmed the magistrate's decision. This appeal followed.

## II.

## ANALYSIS

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Ward*, 135 Idaho 400, 402, 17 P.3d 901, 903 (Ct. App. 2001). The issue presented is whether the officer's actions constitute compliance with foundational prerequisites set out in the operator's manual for the Intoxilyzer 5000. This is a question of law over which we exercise free review. *State v. Remsburg*, 126 Idaho 338, 339, 882 P.2d 993, 994 (Ct. App. 1994); *State v. Bradley*, 120 Idaho 566, 568, 817 P.2d 1090, 1092 (Ct. App. 1991).

Pursuant to I.C. § 18-8004(4), the Idaho State Police (I.S.P.) are charged with promulgating standards for administering tests for breath alcohol content. The statute provides that when it is shown that the breath test was administered by a method approved by the I.S.P., the results are admissible without the necessity of further evidence to establish the reliability of the testing procedure. The I.S.P. has approved the Intoxilyzer 5000 as a method of determining breath alcohol content and has set out in an operator's training manual for that machine the approved methodology for administering the test. The pertinent portion of the manual instructs:

2

Observe the subject for 15 minutes. During this time, the subject may not smoke, consume alcohol, belch, vomit, use chewing tobacco, or have any other substance in the mouth. If belching or vomiting does occur or something is found in the mouth, wait an additional 15 minutes.

Stump contends that the magistrate court erred in finding that the officer complied with the observation period. We disagree.

Stump first contends that the magistrate court erred in finding that Officer Hurt's observation of Stump lasted at least fifteen minutes prior to the administration of the test. Stump argues that the prosecution was unable to prove that the fifteen-minute observation period took place prior to the administration of the test because of the disparity among various time records made the night of Stump's arrest. Whether the observation period lasted a full fifteen minutes is a question of fact. The magistrate found that, per the officer's testimony, the observation period began at 00:15 and that the test was not administered until at least fifteen minutes after that time. On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Id.* If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.*

The report from the Intoxilyzer 5000 reflects that Officer Hurt began the fifteen-minute observation period at 00:15. Officer Hurt testified that the report was accurate and that 00:15 was the time he began the fifteen-minute observation period. Officer Hurt recalled, independent of the report, that he observed Stump for at least fifteen minutes. Officer Hurt testified that the Intoxilyzer 5000 clock was accurate. The report from the Intoxilyzer 5000 reflects that the administration of the first test began at 00:34. Stump presented evidence that the dispatch record, and the incident report which is based on information from the dispatch record, report Officer Hurt arriving at the office at about 00:29, approximately fourteen minutes after the Intoxilyzer 5000 reports reflects that the observation period commenced. In explanation for this discrepancy, Officer Hurt cited the inaccurate work of the specific dispatcher involved in the preparation of the dispatch record at issue. Officer Hurt also testified that dispatch record

accuracy was dependent on the training, experience and recording habits of dispatchers. He stated that inaccurate dispatch records were a "continual problem."

After the magistrate denied the motion in limine, Stump filed a motion to re-open the evidentiary hearing to present evidence from the tow truck driver called to tow Stump's vehicle. Rather than pursue this motion before the magistrate, Stump and the prosecutor stipulated to supplement the evidentiary record with an affidavit and attachment from the tow truck driver showing his recordation of 00:30 being the time Officer Hurt released Stump's automobile to the tow truck driver at the scene. This evidence would place Officer Hurt on the scene of the accident four minutes before the administration of the first test, which is inconsistent with both the dispatch record, the Intoxilyzer 5000 report and the testimony of Officer Hurt. The district court, although sitting in its appellate capacity appears to have noted this evidence, mentioning, specifically, the "truck driver" and the "various" time records made the night of Stump's arrest. The district court held that substantial evidence supported the magistrate's finding that the fifteen-minute waiting period occurred. We too hold that although there may be conflicting evidence, substantial and competent evidence in the record supports the magistrate's finding that Officer Hurt's observation of Stump lasted at least fifteen minutes prior to the administration of the test. However, we note that the proper procedure would have been for the magistrate to first consider the tow truck driver evidence. The magistrate was the finder of fact. By stipulating that the evidence "may be considered, weighed, and reviewed by appellate courts," the parties attempted to improperly place the appellate courts in the position of the finder of fact. We strongly disavow such a practice as appellate courts will not weigh evidence or review a record not properly placed before the trial court. *Marshall v. Blair*, 130 Idaho 684, 686, 946 P.2d 984, 986 (Ct. App. 1996). Therefore, a motion or stipulation to supplement the evidence must be addressed to the finder of fact and, if allowed, considered and weighed by the finder of fact, not the appellate courts.

Stump next contends that the magistrate court erred in finding that Officer Hurt adequately observed Stump during the fifteen-minute period of monitoring prior to the administration of the test. In *State v. Carson*, 133 Idaho 451, 453, 988 P.2d 225, 227 (Ct. App. 1999), this Court noted that the observation period is required in order to rule out the possibility that alcohol or other substances have been introduced into the subject's mouth from the outside or by belching or regurgitation. The level of surveillance must be such as could reasonably be

4

expected to accomplish the purpose of the requirement. In *Remsburg*, 126 Idaho at 340-41, 882 P.2d at 995-96 this Court held that, in light of the purposes of the requirement, "observation" can include not only visual observation but use of other senses as well. So long as the officer is continually in position to use all of his senses, not just sight, to determine that the defendant did not belch, burp or vomit during the observation period, the observation complies with the training manual instructions. In this regard, the officer need not "stare fixedly" at the subject for the entire observation period. In *State v. DeFranco*, 143 Idaho 335, 338, 144 P.3d 40, 43 (Ct. App. 2006), this Court noted that the fifteen-minute monitoring period is not an onerous burden and that "[t]his foundational standard ordinarily will be met if the officer stays in close physical proximity to the test subject so that the officer's senses of sight, smell and hearing can be employed."

Officer Hurt was, at all times, within eight to ten feet of Stump and never left the room. There is no evidence in the record of any circumstance or condition inside the room which might have interfered with or impaired Officer Hurt's senses. Officer Hurt turned his back on Stump only so long as it took to walk eight to ten feet to the place of observation behind the partition. Officer Hurt observed Stump over the partition. Stump was within Officer Hurt's direct or peripheral vision at all times, including while filling out paperwork and preparing the Intoxilyzer 5000 for administration of the test. Although advised to do so, Stump did not tell Officer Hurt that he had belched or regurgitated. Officer Stump testified that at no time did he see, hear or smell a belch or vomit and that he observed Stump to the best of his ability during the monitoring period. Because Officer Hurt was continually in position to use all of his senses to determine that Stump did not belch, burp or vomit during the observation period, the observation complied with the training manual instructions and the foundational standard was met.

## III.

## CONCLUSION

We conclude that the officer in the instant case complied with the mandatory observation period. Accordingly, we affirm the opinion and order of the district court affirming the magistrate's denial of the defendant's motion to exclude evidence of the breath test.

Chief Judge LANSING and Judge PERRY, **CONCUR.**

5